

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Hon. Wayne Lefevre
County Auditor
Clay County
Henrietta, Texas

Dear Sir:

Opinion No. O-1072
Re: Is the 1/2 of 1% commission from the
receipts of properties handled by an
administrator paid at the time of
the sales of property, or payable up-
on the submission of exhibits and
annual reports?

Your request for an opinion upon the above
stated question has been received by this office.

Your letter reads in part as follows:

"Is the 1/2 of 1% commission from the
receipts of properties handled by an admin-
istrator paid at the time of the sales of
property, or payable upon the submission of
exhibits and annual reports? (Should they
be paid to the County Judge who approves
annual account and makes audit of same?)"

Article 3850, R. C. S. 1911, reads as follows:

"There shall be allowed the county judge
a commission of one-half of one per cent upon
the actual cash receipts of each executor, ad-
ministrator or guardian or upon the approval
of the exhibits and final settlement of the
account of such executor, administrator or
guardian, but no more than one such commission
shall be charged on any amount received by
any executor, administrator or guardian."

Article 3850, supra, was brought forward in the Revised Civil Statutes of 1925 in Article 3926, which reads in part as follows:

"The county judge shall also receive the following fees:

"1. A commission of one-half of one per cent upon the actual cash receipts of each executor, administrator or guardian, upon the approval of the exhibits and the final settlement of the account of such executor, administrator or guardian, but no more than one such commission shall be charged on any amount received by any such executor, administrator or guardian."

We quote from the case of Grice vs. Cooley, et al, 179 SW 1098, as follows:

"When are the commissions provided for by Article 3850 (now Art. 3926) payable? It is the contention of appellant that they are not payable until the guardian's final account is approved. Appellees contend that they are payable upon all cash receipts shown by any annual account of the guardian, when such account is approved by the judge to whom it is presented. Omitting formalities, the article provides that the county judge, in addition to other specified fees, shall 'be allowed ..... a commission of one-half of 1 per cent. upon the actual cash receipts of each .... guardian, upon the approval of the exhibits and the final settlement of the account of such .... guardian,' provided only one such charge shall be made. Proceeding on the theory that the Legislature, when it enacted that such fees should be paid 'upon the approval of the exhibits and the final settlement of the account' of the guardian, intended that full force and effect should

be given to both provisions, we conclude
that such commissions may be payable upon
approval of the annual account or upon
approval of the final account, depending
upon when the guardian received the money
upon which the commission is sought to be
collected. For illustration, if, upon
presentation of an annual account, it
discloses that cash has been received by
the guardian prior to such presentation
and subsequent to any last annual account,
such guardian would be entitled to the
specified commissions upon the approval
of the account so presented. On the other
hand, if it appears from the guardian's
final account that since his last annual
account further cash has been received,
he would be entitled to his commission
thereon upon the approval of such final
account. The reference to the approval
of the guardian's exhibits and the approval
of his final account we regard as merely
fixing the period or time when the county
judge may tax his commissions. By Article
4186, R. S. 1911, guardians are required
to present an annual account under oath
showing, among other things, 'a complete
account of receipts and disbursements
since the last annual account.' Upon pre-
sentation of such annual account, it is
by subsequent provisions of the statutes
made the duty of the then presiding county
judge to conduct a hearing thereon, and,
if he is satisfied that the account is
correct, it is his duty to approve same.
Having made it the duty of the county
judge to approve such accounts, and hav-
ing allowed a fee of one-half of 1 per
cent. upon the 'actual cash receipts'
shown thereby, it surely follows, it seems
to us, that the commissions are payable
upon such approval, for the reason that



Hon. Wayne Lefevre, Page 4

they were clearly intended for the benefit
of the officer performing the duty, and,
having been so intended, it was never con-
templated that he should forego his com-
pensation until final settlement of the es-
tate, particularly when final settlement
might not come until after the lapse of
many years and the possible death of the
officer. We do not, as indicated, think
the reference to final settlement at all mean-
ingless. It is very probably that in many
guardianship proceedings cash would be re-
ceived by the guardian in the period in-
tervening between his last annual account
and the final account. If such cash was
received, the county judge who heard and
approved such final account would be en-
titled to the commission thereon, and the
sole purpose, in our opinion, for any refer-
ence to final settlement, was to secure
the officer in the payment of the fees ac-
cruing at that time and which could not
be done under the provision covering annual
accounts.

"We have treated the word 'exhibits',
in article 3850, as referring to annual
accounts. While it may not be said that the
exhibit, either literally or in legal contem-
plation, means account, it is well known that
accounts are often attached to pleadings as
exhibits. Such custom, taken in connection with
the reference in the same article to cash re-
ceipts required to be shown in annual accounts
by article 4186, R. S. 1911, and the further
fact that the annual accounts required of
other fiduciaries are referred to as annual
exhibits (articles 3241, 3242, R. S. 1911),
are in our opinion sufficient basis for hold-
ing that annual accounts were intended."

Articles 3320 and 3321, R. C. S. read as follows:

"Art. 3320. Executors and administrators shall make annual exhibits under oath, fully showing the condition of the estate; they shall make final settlement of the estates they represent within three years from the grant of letters, unless the time be extended by the court after satisfactory showing made under oath; and, upon failure in either case, shall be removed as provided by law.

"Art. 3321. Any exhibit made by an executor or administrator showing a list of claims allowed and approved or established against the estate he represents, or showing the condition of said estate and an account of all money received and paid out on account of said estate, returned to the court before the filing of the account for final settlement, shall be filed with the clerk, and notice of such filing shall be posted at the courthouse door for ten days from the posting, after which the court shall examine said exhibit, and if correct, render judgment of approval thereon and order it to be recorded."

In view of the foregoing authorities, you are respectfully advised that it is the opinion of this department that the one-half of one per cent commission from the receipts of properties handled by an administrator is payable to the county judge upon the submission of exhibits and the annual report and that such commission is not payable at the time of the sales of the property.

Trusting that the foregoing answers your inquiry, we remain

Very truly yours

ATTORNEY GENERAL OF TEXAS

By Ardell Williams

Ardell Williams
Assistant

APPROVED JUL 18, 1939

AW:AW

FIRST ASSISTANT
ATTORNEY GENERAL.

APPROVED
OPINION
COMMITTEE
BY WR